IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOBBINS CHANG, LLC<br>d/b/a FANTASY PLAZA<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:18-CV-00299 |
| | §<br>§ | |
| THE CITY OF HOUSTON<br>    Defendant. | §<br>§ | |

### PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff, Dobbins Chang, LLC d/b/a Fantasy Plaza ("Fantasy Plaza"), files this memorandum opposing the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

- A. Pleadings. Pleadings are limits. They structure the process. It is to them you look to determine:
    - (1) Who is in the battle,
    - (2) What event precipitated the brawl, and
    - (3) To a lesser extent, what law governs the fight.

Lynn N. Hughes, *Drafting: From Contract to Jury Instructions,* p.2 (Houston Bar Association, February 8, 1991).

- 9. Pleadings.
    * * *
    - B. Statement of the Case. The second paragraph should be your short, citationless, jargon-free description of the lawsuit. "Holmes sues Hughes because, as his superior, Hughes forced Holmes to resign his government job only because of advanced age." Unless there is more than one Holmes, Hughes, or government job involved, it is not helpful to the reader who is being introduced to the case to have their given names or other details. The character of the case can be framed by your clear statement.

> \* \* \*
>
> D.     Identity of the Transactions. Next, give the Court a sensible description of what happened in the real world to generate this complaint. Having given the court an overview in your statement of the case at the start, you can now process, chronologically usually, through the labyrinth of your client's affairs. You may mention briefly the statute or common law that is offended. Do not dwell on your legal analysis; just tell your client's story in a fashion that is consistent with that analysis.

*Id.*, p.6.

      1.     With Fantasy Plaza and the City of Houston having settled their differences, what is left of this lawsuit is Fantasy Plaza's complaint that the County is still trying to shut down Fantasy Plaza's business through a nuisance lawsuit in state court which the County bases almost entirely on criminal case arrest reports related to cases that were dismissed by the Harris County District Attorney. Fantasy Plaza contends that this effort to destroy its business based on evidence of claims brought by the government that were not solid enough to make it to trial is an unconstitutional violation of its rights to due process, and accordingly it brought this 42 U.S.C. § 1983 case in an effort to stop it. The County scoffs at this constitutional claim and points out that the Texas common nuisance statute plainly provides in Tex. Civ. Prac. & Rem. Code § 125.004(b) that a nuisance may be proved by arrests. The statute provides that evidence of arrests is admissible to show knowledge and to show that offenses were committed. However, the point in this case is that use of evidence of arrests by the state that relate to cases that were ultimately dismissed by the state is unconscionable and a violation of due process.

Earlier in this case, before the County was added as a party, the Court seemingly acknowledged that this practice of using arrests from dismissed cases to prove a nuisance and shut a business down was a clear violation of due process when the City was doing it.

> THE COURT: Well, you can't very well use to destroy the business claims brought by the government at the government's construction and they didn't do it well enough to make it stick even to trial.
> And then you used the existence of the arrests. Did you tell the state judge that there were no convictions on those?
>
> MS AIYER: All that evidence was entered in under the state nuisance law, your honor.
>
> THE COURT: Did you tell the state judge that there were no convictions on all those horrible crimes that you come up with?
>
> MS. AIYER: Well, there were some convictions on some of the prostitution crimes.
>
> THE COURT: How many: And, of course, you convicted the prostitute, not the club.
>
> MS. AIYER: But under the state –
>
> THE COURT: I know what it says, ma'am.

*Transcrippt of Hearing on Temporary Restraining Order Before the Honorable Lynn N. Hughes*, page 28, line 23 -page 29, line 15 (Feb. 9, 2018.

>  ME. DASHER: [*In response to inquiry as to how many of the prostitution arrests resulted in conviction*] Just one, your honor, they didn't want to take it to trial because of the expense. All the other ones were dismissed.
>
>  THE COURT: What happened to the others?
>
>  MR. DASHER: Dismissed.
>
>  THE COURT: So, you made your case to the state judge on things that were dismissed except for one prostitution charge which was a guilty plea.

*Id.*, page 30, lines 4 - 11.

>  THE COURT: So, in effect, I am saying that they have, right now, temporarily, their (sic) part of the agreement. But I also say that you can't use acquittals, dismissals and things that third parties do that are not pervasive. I mean, if there is a gunfight every night in the parking lot, they have got to do something different.

*Id.*, page 37, lines 3 - 8.

>  THE COURT: They're being treated differently and all of the technical violations wouldn't occur if they had been let in. They're

>                    a byproduct of the City's arbitrariness.
>
>                    If I say they're part of the agreement, they're part of the
>                    agreement retroactively and you can't do all that stuff.
>                    The prostitutions weren't convictions except for one. The
>                    other is pending, the minor.
>
> MR. VAN HUFF:      Yes, sir.
>
> THE COURT:         It's pending. So, your horrible record of wrongdoing out
>                    there at Fantasy is not.

*Id.*, page 39, line 16 - page 40, line 2.

> THE COURT:         But this appears to be a concerted and arbitrary effort to
>                    kill Fantasy.

*Id.*, page 41, lines 1 - 2.

    2.    The County characterizes the plaintiff's second amended complaint as seeking a new theory to keep this case alive after settling with the City. (Page 4 of defendant's 12(b)(6) motion). But plaintiff's complaint about the practice of using arrests in cases that were dismissed to try to prove a nuisance and shut down plaintiff's business has been part of this case since the beginning. Not only that, but the Court pretty clearly told the City at the TRO hearing that they couldn't do that because it was unconstitutional. The County has very clearly stated its intention to violate the plaintiff's constitutional due process rights in the nuisance proceeding by relying on all of these arrest reports in cases that did not even make it to trial. It is

appropriate for this Court to enjoin the County and its prosecutor from this unconstitutional action, and the Court has the right to do so. *Ex parte Young*, 209 U.S. 123 (1908).

3. Plaintiff is not required to plead a legal treatise as the defendants are requesting. The specifics of Fantasy's complaint could not be clearer. And, although it is conceded that an individual prosecutor, such as Donnelly, enjoys absolute immunity as to claims for money damages for prosecutorial acts, *Imbler v. Pachtman*, 424 U.S. 409 (1976), prosecutors have no immunity as to claims for injunctive relief. *Ex parte Young, supra*.

4. The defendant's 12(b)(6) motion should be denied.

[SIGNATURE BLOCK NEXT PAGE]

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. VanHuff
ALBERT T. VAN HUFF
Attorney-in-charge
SBN: 24028183
S.D. Tex.: 26968
STEPHANIE B. DONAHO
SBN: 24055213
S.D. Tex.: 3028742
1225 North Loop West, Suite 640
Houston, Texas  77008
(713) 880-2992 Tele.
(713) 880-5297 Fax
Email: al@vanhuff.com
sdonaho@vanhuff.com

ATTORNEYS FOR PLAINTIFF
DOBBINS CHANG, LLC D/B/A
FANTASY PLAZA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been filed with the Court on this 2nd day of April, 2018, using the ECF system, and the Clerk of the Court has electronically served notice upon all parties registered to receive electronic notice of this case.  Defendants Harris County and Donnelly have been emailed a copy of the foregoing document.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF